APPEAL OF KATE C. RYAN, EXECUTRIX OF THE ESTATE OF JOHN C. RYAN, DECEASED.

Docket No. 1986.    Submitted May 9, 1925.    Decided October 30, 1925.

Amounts withdrawn by a stockholder from a corporation, *held* to be loans and not dividends.

*Barry Mohun, Esq.,* for the taxpayer.
*E. C. Lake, Esq.,* for the Commissioner.

Before MARQUETTE, LANSDON, and GREEN.

This appeal is from the determination of a deficiency in income and profits taxes for the years 1919, 1920, and 1921, in the amount of $43,202.30, of which amount approximately $42,621.82 is in controversy.

FINDINGS OF FACT.

On April 22, 1902, the taxpayer's decedent, with others, organized a corporation known as the Ryan-Correll Co. to engage in the wholesale grocery business at Johnstown, Pa. John C. Ryan became president of the corporation at its organization and remained such until his death on June 24, 1923. Upon organization Ryan

acquired 150 shares of the capital stock and his holdings increased until, in 1921, he was the owner of 820 of the 1,000 shares outstanding. The company was prosperous and made profits in all years from 1914 to 1922.

For a number of years prior to his death Ryan withdrew considerable sums of money from the company, which were charged on the books to an account entitled "Loans to John C. Ryan," and the amount of such withdrawals was from time to time credited by cash repayments and dividends declared by the corporation. During the years in controversy the withdrawals exceeded the cash and dividend credits as follows:

1919 _____ $25,433.94
1920 _____   75,189.00
1921 _____   86,762.97

No interest was ever paid or charged on such withdrawals and no evidence of indebtedness was given therefor. The withdrawals were always regarded by Ryan as an indebtedness to the company.

No resolutions declaring the moneys withdrawn by Ryan to be dividends were ever adopted by the board of directors and the regular annual dividends were authorized by formal resolution. During the period in question there were 16 stockholders of the corporation besides Ryan, but no stockholder other than Ryan ever withdrew or borrowed money from the corporation.

Subsequent to the death of Ryan, four cash payments were made to the corporation by his executrix, aggregating $40,000, as a credit upon Ryan's account, and on October 9, 1923, Mrs. Ryan entered into a contract with the Ryan-Correll Co. by which she assigned to the corporation three insurance policies on her life aggregating $100,000, to be applied to the liquidation of the personal account of Ryan to the Ryan-Correll Co.

The Ryan-Correll Co. borrowed money from time to time from banks in Johnstown and from banks in Philadelphia and New York. Financial statements were not furnished local banks, but such statements were furnished to the Philadelphia and New York banks in which the withdrawals of Ryan were included as assets of the corporation.

The gross estate of John C. Ryan, as shown in the return filed under the Federal tax law, was $724,367.41. The net estate was $122,443.26, and the Commissioner allowed as a deduction in computing the net estate the amounts shown on the books of the Ryan-Correll Co. as a liability of Ryan.

In computing the income tax the Commissioner included, as dividends to Ryan, the amounts withdrawn from the corporation in the respective years.

DECISION.

The deficiency should be computed in accordance with the following opinion and will be settled on consent or on 10 days' notice, under Rule 50.

OPINION.

MARQUETTE: The sole question here is whether withdrawals by John C. Ryan from the Ryan-Correll Co. during the years in question constituted dividends or were an indebtedness of Ryan to the company. The Commissioner has held that they were dividends but we are unable to find any basis for such a holding. We recognize that a formal resolution is not essential to a dividend and that there may be an informal dividend where payments or withdrawals are made under circumstances which will constitute them dividends. Here, however, the withdrawals were recognized by Ryan as an indebtedness to the corporation and by the corporation as an asset, the very reverse of a dividend. Cash dividends were credited to the account and cash was paid thereon from time to time; and while no interest was paid on the balance, this is only evidence to be considered in determining whether the amounts were loans, and is in no wise conclusive that they were not. The withdrawals were not in proportion to stock holdings, and, upon Ryan's own statement to his wife that the withdrawals represented his indebtedness to the corporation, large amounts have been paid on account thereof since his death.

From all the evidence we are convinced that the withdrawals constituted loans by the corporation to Ryan and were improperly included as dividends by the Commissioner.